# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LEXINGTON INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 23-cv-02252-BLF<br><br>**ORDER DENYING MOTION TO STAY**<br><br>[Re: ECF No. 52] |

Plaintiff The Travelers Indemnity Company ("Travelers") seeks declaratory relief against Lexington Insurance Company ("Lexington") and American Guarantee and Liability Insurance Company ("AGLIC") regarding the priority of coverage of various insurers' duty to indemnify J.T. Magen & Company, Inc. and JTM Construction Group Inc. (collectively, "JTM") in the ongoing personal injury action entitled *Castro v. Equinix, Inc., et al.*, Santa Clara County Superior Court, Case No. 21-CV-381946 (the "Underlying Action"). ECF No. 49 ("SAC").[1]

On March 12, 2024, AGLIC filed a Motion to Stay Action Pending Final Judgment in *Castro v. Equinix, Inc., et al.* ECF No. 52 ("Mot."); ECF No. 57 ("Reply"). According to AGLIC, "the *Castro* Action is currently scheduled for trial on May 6, 2024[.]" Mot. at 8. Travelers opposes. *See* ECF No. 55 ("Opp."). Lexington filed a statement of non-opposition. ECF No. 54. The Court finds this motion is suitable for determination without oral argument. *See* Civ. L.R. 7-1(b). For the reasons discussed below, AGLIC's motion to stay is DENIED.

\\

---

[1] Plaintiff's First Amended Complaint (ECF No. 23, "FAC") only sought declaratory relief regarding the priority of the insurers' duty to indemnify J.T. Magen & Company, Inc.

## I. BACKGROUND

On or about August 2, 2019, JTM entered into a construction agreement with Equinix, Inc. to build the Equinix SV-11 building at Equinix's San Jose Campus (the "Project"). SAC ¶ 8. On February 10, 2020, JTM entered into a purchase order/subcontract ("Purchase Order") with Southland Industries ("Southland") to provide mechanical/HVAC and plumbing services on the Project. *Id.* ¶ 9. The Purchase Order listed JTM as one of several "Indemnitees." *Id.* ¶ 10.

On or about November 3, 2020, the plaintiff in the Underlying Action Carlos Castro was working as a pipefitter for Southland at the Project when he suffered a catastrophic injury that caused severe and permanent injuries. *Id.* On April 26, 2021, Mr. Castro filed the Underlying Action against JTM alleging the following causes of action: (1) Premises Liability and (2) Negligence. *Id.* ¶ 14. Mr. Castro's claims in his complaint are directly related to the alleged injuries he sustained on November 3, 2020. *Id.*

JTM is insured as a named insured through a commercial general liability policy issued by Travelers. *Id.* ¶ 23. Southland is insured as a named insured under a commercial general liability policy issued by Old Republic Insurance Company, as well as by Lexington under a commercial umbrella policy, first layer of excess coverage, and AGLIC under a commercial umbrella policy, second layer of excess coverage. *Id.* ¶¶ 26–37, 40. JTM is covered as an additional insured under Southland's policies issued by Old Republic, Lexington, and AGLIC for the loss at issue in the Underlying Action. SAC ¶¶ 29, 33, 37, 39. Old Republic accepted the defense and indemnity of JTM in the Underlying Action pursuant to JTM being an additional insured under the Southland CGL Policy. *Id.* ¶ 39.

On October 27, 2023, the Superior Court entered a summary judgment order in the Underlying Action regarding the liability of the two JTM entities. *See* ECF No. 53-1. Specifically, the court granted J.T. Magen & Company, Inc.'s motion for summary judgment that it is not liable for Mr. Castro's injuries, but denied JTM Construction Group, Inc.'s motion for summary judgment that it is not liable for Mr. Castro's injuries. *Id.* at 10.

On February 1, 2024, this Court granted AGLIC's motion to dismiss Travelers' First Amended Complaint ("FAC"), finding that the case was not ripe "because the alleged loss does

2

1   not exceed the primary and first layer of excess coverage." ECF No. 48 ("MTD Order") at 6. The
2   Court granted leave to amend, *id.* at 8, Travelers filed its Second Amended Complaint, and the
3   two Defendants answered. ECF Nos. 50, 51.

## II.  LEGAL STANDARD

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A party may challenge the Court's subject matter jurisdiction by bringing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the movant asserts that the lack of subject matter jurisdiction is apparent from the face of the complaint. *Id.*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55 (citing *Kansas City Southern R. Co. v. United States*, 282 U.S. 760, 763 (1931).

## III.  DISCUSSION

### A.  Judicial Notice

AGLIC seeks judicial notice of two documents. First, AGLIC requests that the Court take judicial notice of the Superior Court's summary judgment order in the Underlying Action. ECF No. 53. Second, AGLIC requests that the Court take judicial notice of a treatise on construction law available on Westlaw. ECF No. 58. Travelers does not oppose. The Court takes judicial notice of both documents.

### B.  Ripeness

AGLIC argues that "Travelers' claim for declaratory relief is not ripe." Mot. at 2. When a case is not ripe, the Court is without subject matter jurisdiction. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994) (if the "suit was not ripe as the district court held, there would have been no jurisdiction, since '[i]n order for a case to be justiciable under Article III of the

3

1   Constitution, it must be ripe for review.'") (quoting *Aydin Corp. v. Union of India*, 940 F.2d 527,
2   528 (9th Cir. 1991)).  Thus, while AGLIC explicitly seeks only a stay (not dismissal), the issues
3   briefed concern the Court's subject matter jurisdiction, which the Court has an obligation to
4   consider *sua sponte*.  Fed. R. Civ. P. 12(h)(3); *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336
5   F.3d 982, 985 (9th Cir. 2003).

6   AGLIC argues that "[t]he issues in this case are not ripe because whether any insurer has a
7   duty to indemnify JTM Construction Group in the Castro Action cannot be determined until the
8   Castro Action has been adjudicated and a judgment has been entered against JTM Construction
9   Group." Mot. at 6.  Travelers responds that the issue is ripe because "[AGLIC], Lexington, and
10  Travelers have a legal duty to consider settlement and are unable to properly do so given their
11  current disagreement." Opp. at 10.

12  "The ripeness doctrine seeks to identify those matters that are premature for judicial review
13  because the injury at issue is speculative, or may never occur." *Protectmarriage.com-Yes on 8 v.*
14  *Bowen*, 752 F.3d 827, 838 (9th Cir. 2014).  To evaluate ripeness of insurance claims involving
15  excess carriers in its motion to dismiss order, the Court looked to *Ludgate Ins. Co. v. Lockheed*
16  *Martin Corp.*, 82 Cal. App. 4th 592 (Ct. App. 2000), which held that "[e]xhaustion of underlying
17  limits, while necessary to entitle the insured to recover on the excess policy, is not necessary to
18  create actual controversy." *Id.* at 606.

19  Applying *Ludgate*, the Court granted AGLIC's motion to dismiss, finding that the FAC did
20  not allege that Travelers' claims against AGLIC were ripe because it did not allege exhaustion of
21  the underlying policies. MTD Order at 5–7.  Travelers' SAC corrects this issue by pleading a high
22  enough amount of medical expenses that the underlying policies would be exhausted.  *See* SAC ¶¶
23  15–22.  Notably, AGLIC does not argue that the underlying policies are not exhausted and does
24  not address *Ludgate* in its papers.  Rather, AGLIC argues that ripeness is based on the
25  "determination of the duty to indemnify," an argument the Court has already rejected.  *See* MTD
26  Order at 7 ("the duty to defend and indemnify is not at issue in this case").  Thus, the Court finds
27  that the Travelers' claim is ripe.
28  \\

### C. Discretion to Decline Jurisdiction or to Stay the Case

AGLIC argues alternatively that the Court can exercise its discretion to decline relief or stay the action. Mot. at 7. AGLIC argues that this case and the Underlying Action "arise out of the same occurrence" and concern the same "threshold issues of whether JTM Construction Group is legally obligated to pay damages to Mr. Castro and, if so, whether it is vicariously liable for Southland's negligence raise no federal issue," which will be adjudicated in Superior Court. *Id*. Travelers responds that the Court should hear the case because the parties "have a legal duty to consider settlement and are unable to properly do so given their current disagreement." Opp. at 10.

A court determining whether to exercise its discretion to hear a declaratory relief action should first consider the non-exclusive factors set out in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942) and its progeny. *See Northfield Ins. Co. v. Civic Ctr. Hotel*, LLC, 239 F. Supp. 3d 1163, 1172 (N.D. Cal. 2017). The *Brillhart* factors include: "(1) avoiding needless determination of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation." *Id.* "If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court[,]" but "[t]he pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief." *Id.* Other factors that may be considered include:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005) (quoting *Kearns*, 15 F.3d at 145 (J. Garth, concurring)). At least one court has applied the *Brillhart* factors to stay a case. *See Northfield*, 239 F. Supp. 3d at 1172.

The Court makes short work of this issue. AGLIC did not explicitly brief the *Brillhart*

1  factors until its reply brief, and thus has not given Travelers an opportunity to respond to its
2  arguments.  This alone is reason to deny as improperly briefed AGLIC's argument that the Court
3  has discretion to dismiss or stay the case.  However, AGLIC has set forth its argument under the
4  *Brillhart* factors and even without a response from Travelers, the Court finds that the motion fails.
5  First, there is no needless determination of state law issues.  AGLIC argues that this Court will
6  have to make negligence and vicarious liability findings that will be and should only be addressed
7  by the Superior Court.  Mot. at 7.  But no issues of vicarious liability or negligence are presently
8  before the Court.  If such issues arise in the future while they are also pending in the Superior
9  Court, the Court can address stay or dismissal then.  Second, AGLIC does not suggest, nor is there
10 any evidence, that Travelers is forum shopping.  Third, while this case and the Underlying Action
11 share certain parties and facts, AGLIC has not identified any duplicative issues.
12         Additional factors also counsel against both dismissal and stay.  Most importantly, this
13 declaratory action serves a useful purpose.  The priority of the various insurers' duty to indemnify
14 will need to be resolved if JTM Construction Group, Inc. is held liable, and thus it serves a useful
15 purpose for settlement, and is distinct from the liability issues being litigated in the Underlying
16 Action.  The Court rejects AGLIC's argument that the instant matter is like that in *Northfield*, 239
17 F. Supp. 3d at 1173, where the court found that "[p]roviding leverage to a party for settlement
18 negotiations," was "not a good reason for [the court] to exercise jurisdiction."  *See* Mot. at 4.  A
19 determination about the priority of insurance payouts, at issue here, is more like *Eureka*, cited by
20 *Northfield*, where "the Ninth Circuit affirmed the district court's decision to exercise jurisdiction
21 over the insured's declaratory judgment action against the insurer concerning limits of liability
22 coverage, since settlement depended on a determination of those limits."  *See Northfield*, 239 F.
23 Supp. 3d at 1173 (citing *Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co. of Reading, Pa.*, 873 F.2d
24 229, 230–31 (9th Cir. 1989)).
25         Finally, trial in the Underlying Action begins barely a month from now on May 6, 2024,
26 *see* Mot. at 8, and the parties' next deadlines here are mediation by June 28, 2024 and close of fact
27 discovery on September 13, 2024.  ECF No. 42.  AGLIC does not explain, and the Court does not
28 see, what benefit could be gained from such a short stay.

1   Accordingly, the Court finds no reason to exercise its discretion to dismiss or stay the case.

2   **IV.   ORDER**

3   For the foregoing reasons, IT IS HEREBY ORDERED that AGLIC's motion to stay is

4   DENIED.

6   Dated: April 5, 2024

_____
BETH LABSON FREEMAN
United States District Judge